{¶ 24} I respectfully dissent. In my view, there was an abuse of discretion after a thorough review of the transcripts. This is because I fail to see "just cause" for the termination or support for a finding of job "abandonment" in the record below.
 {¶ 25} The relevant facts are that the Appellant expressed his desire to a Mr. Maynard "lead man" and was expressly told "if you're not feeling good, this ain't no place to be you know. You might go home." Further, the other supervisor, Mr. Wampler, who is the other person that the employee was to advise of any illness and desire to leave that day, contradicted himself in his own testimony.
 {¶ 26} On direct examination, Mr. Wampler admitted that it is permissible for employees to inform Mr. Maynard that they are ill and need to leave if he is in a meeting or otherwise unavailable. He went on to say that on the day in question, he was on the floor and at his desk until 12:15 p.m. However, on cross examination Mr. Wampler stated in response to a question if he had reason to leave the department for any reason that morning, and he conceded by saying: "Well, I'm sure there were times when I left the department, Yeah."
 {¶ 27} It is reasonable to conclude that if he left the department that morning Appellant could not locate him to explain his situation. It is reasonable to conclude that if Appellant told Mr. Maynard about his situation it was because, at that time, Mr. Wampler may have "left the department."
 {¶ 28} Further, it is unreasonable and against the manifest weight of the evidence in my view to conclude that Appellant intended to "abandon" his job when reviewing the record as a whole. This is magnified because the employer has created an "ambiguity" in its policy. It has decided that employees may report illness or injury to the "Lead Man" when the direct supervisor is not available. The record reflects that the direct supervisor is often away from his work area, making it apparent why the employer needs this policy. However, by initiating and implementing such a policy it has created, in the Lead Man, the apparent authority to permit or reject such requests. Even Mr. Wampler, Appellant's direct supervisor, indicated that the Lead Man has such authority.
 {¶ 29} Lastly, the record does not support the finding of the Commission that the employer reasonably believed Appellant "abandoned his job." "Abandonment" is defined as "[t] he relinquishing of a right or interest with the intention of never again claiming it." Black's Law Dictionary (7th. 1999) 1. The record shows that Appellant never intended to relinquish his right of claim to his job. This is best shown by Appellant reporting his injury and intention to leave work to the lead man and because he timely returned to work the following morning. Since the record below fails to show that Appellant intended to permanently relinquish his job, the Commission's finding otherwise is unreasonable and against the manifest weight of the evidence. Also, if Appellant intended to quit his job he had the perfect opportunity to do so during or immediately after the heated exchange he had the day in question.
 {¶ 30} In summary, Appellant reported his intention to leave to the Lead Man whom he viewed as having the authority to authorize his request. The Lead Man's statements indicated that Appellant's request was authorized and Appellant relied on that authorization, now, to his detriment. Moreover, Appellant's actions demonstrated no intention to abandon his job. Any fault, in this situation, lies with the employer's policy, which vests two individuals with the authority to grant these requests and not with the employee who relied on that apparent authority.
 {¶ 31} Although determinations of purely factual issues and witness credibility rest within the province of the Commission and may not be reversed merely because reasonable minds could reach a different conclusion, these factual determinations must not be unlawful, unreasonable or against the manifest weight of the evidence. In my view, the Commission's factual determinations were against the manifest weight of the evidence, in light of a review of the transcript, and as such unreasonable. Therefore, the trial court's decision below affirming the same was unreasonable and against the manifest weight of the evidence. Thus, I dissent.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Harsha, J.: Concur in Judgment and Opinion. McFarland, J.: Dissents with Dissenting Opinion.
Abele, Presiding Judge, H. Harsha, Judge, McFarland, Judge, For the Court.